**Richard J. HELLER, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

**Docket No. 02–4020.**

United States Court of Appeals, Second Circuit.

April 21, 2003.

Richard J. Heller, Binghamton, NY, pro se.

Steven A. Bartholow, General Counsel, Railroad Retirement Board, (Stanley Jay Shuman, General Attorney, Railroad Retirement Board), Chicago, IL, on Submission for Respondent, of counsel.

Present: KEARSE, JACOBS, and CABRANES, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Petition be, and it hereby is, **DENIED.**

Richard J. Heller petitions this Court to review a final decision of the Railroad Retirement Board ("RRB"), denying him an annuity under the Railroad Retirement Act of 1974, as amended, 45 U.S.C. § 231 *et seq.* (the "Act"). Under the Act, certain individuals are entitled to an annuity, *inter alia,* "if they shall have completed ten years of service." 45 U.S.C. § 231a(a)(1). The RRB denied Heller an annuity because he was credited with 91 months of railroad service. Heller does not contest that he lacked the 120 months required.

A final order of the RRB is reviewable in this Court pursuant to 45 U.S.C. § 231g, but will only be set aside if it is unsupported by substantial evidence or based on an error of law. *See, e.g., Poole v. RRB,* 905 F.2d 654, 661 (2d Cir.1990).

Substantial evidence supports the finding that Heller lacked 120 months' employment service; and no error of law undermines the RRB's order. Heller's primary argument on this appeal is that Conrail, his previous employer, illegally refused to return him to his job after he injured his spinal cord in a 1976 accident involving a Conrail switch, and thus prevented him from accruing the necessary service credits. Irrespective of the merits of Heller's quarrel with Conrail or with others, the Act allows no exception for persons in Heller's situation.[1]

For the foregoing reasons, Heller's Petition for Review is hereby **DENIED.**

---

1. At oral argument, Heller moved for reconsideration of this Court's March 11, 2003 denial of his motion to file an untimely reply brief. The motion for reconsideration is granted, as is the motion to file an untimely reply brief.